UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JOHN SIMMONS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. S. SMITH, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-00868-SAB (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITHOUT LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 14] |

Plaintiff Robert John Simmons is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on June 24, 2013. Local Rule 302.

On February 19, 2014, the Court screened and dismissed Plaintiff's original complaint with leave to amend. Now pending before the Court is Plaintiff's first amended complaint, filed on March 24, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

1  monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

2       A complaint must contain "a short and plain statement of the claim showing that the pleader is
3  entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
4  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
5  do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,
6  550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally
7  participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County,
8  Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

9       Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
10 liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
11 higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive
12 screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow
13 the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal,
14 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer
15 possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely
16 consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556
17 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

     In 1992, Plaintiff sustained a serious injury to his lower back by falling from a twenty-four foot ladder.  As a result, Plaintiff has been under the continuous care of numerous doctors, both in and out of prison.  In 2007, Plaintiff's chronic back pain reached almost unbearable levels.  The doctors at Pleasant Valley State Prison evaluated and treated his pain with Gabapentin due to the continuous nerve pain.  In 2009, Plaintiff was treated by a doctor in Riverside County Jail and was treated with the same medication.  In 2010, Plaintiff was taken off Gabapentin due to a statewide ban because of abuse.  Plaintiff was then given a series of medications that were not effective and did not elevate his pain at night.  An MRI was ordered by Dr. Jackson at Corcoran State Prison.  Dr. Jackson reviewed Plaintiff's MRI and past X-rays, along with other available data and determined that Plaintiff does

suffer from severe chronic back pain. On June 6, 2012, Dr. Jackson ordered a prescription of Methadone that was approved by the medical committee. Thirty days later the medication was increased, which reduced Plaintiff's pain to a bearable level. In late January 2013, Plaintiff was transferred to Sierra Conservation Center in Jamestown, California. Shortly after Plaintiff's arrival, Plaintiff was examined by Doctor Steven Smith. After about a three or four minute encounter, Dr. Smith stated that the prescription for Methadone was being discontinued "[b]ecause I don't give out narcotics." Plaintiff explained to Dr. Smith that he has experience with a lot of different medications that did not help his extreme pain. Plaintiff told Dr. Smith that he has a long documented history of severe chronic back pain that began in 1992. Dr. Smith stated, "[i]nmates abuse pain medication," and told Plaintiff the visit was over. As a result, Plaintiff was forced to experience severe and extreme pain. Plaintiff now requires the use of a cane and has a difficult time performing daily functions.

## III.

## DISCUSSION

### A.     Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate

3

indifference." Snow v. McDaniel, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff's complaint is based solely on the alleged inadequate medical care provided by Defendant Dr. Smith. Plaintiff alleges that at his prior institution, he was prescribed Methadone which was supported by a recent MRI for his back pain. However, when he was transferred to Sierra Conservation Center, Dr. Smith refused to provide Plaintiff with Methadone because of his belief that Plaintiff was exaggerating his level of pain.

Even if it is assumed that Plaintiff has established a serious medical condition: chronic low back injury with severe pain, Plaintiff fails to allege facts demonstrating that Defendant Dr. Smith was deliberately indifferent to his serious medical needs. Based on the attachments to Plaintiff's complaint, he was examined by Dr. Smith on several occasions, including February 21, 2013, February 28, 2013, March 14, 2013, March 28, 2013, April 5, 2013, and May 2, 2013.

At each of the medical evaluations, Dr. Smith conducted a thorough examination of Plaintiff, including assessment of Plaintiff's subjective complaints, objective evaluation, and assessment and plan for future treatment. Based on Dr. Smith's physical examination and observations, Dr. Smith opined that because Plaintiff was able to move quite well, he did not have severe functional limitations as a result of his back problem. Over the course of the examinations, Plaintiff was prescribed Elavil, Naproxen, Keppra, and was offered an anti-inflammatory which he refused. During the examinations, Plaintiff repeated requested the use of a narcotic (Methadone) or Neurontin for his pain. On April 5, 2013, Dr. Smith specifically advised Plaintiff "that the Pain Management Committee did not recommend the use of narcotics or Neurontin for his pain, and that [he] would consider presenting his case to the Narcotic Management Committee once again after we have followed the recommendations from his back pain specialist." (First Amd. Compl., at 40.) On May 2, 2013, Dr. Smith noted that Plaintiff's case would be presented at the Medical Authorization Review Committee (MARC). On

1  this same date, Dr. Smith offered Plaintiff Nortriptyline, however, Plaintiff stated that he tried
2  Amitriptyline and it did not work for him.  Dr. Smith stated that "it would be reasonable to have
3  [Plaintiff] evaluated by Neurosurgery down the road after epidural injection and completion of
4  physical therapy if these are ineffective.  However, at this point [Plaintiff] did not seem interested in
5  proceeding with surgical report.  [Plaintiff] seems simply focused on getting narcotics."  (Id. at 41.)

6        Based on the evaluations conducted by Dr. Smith and the medical treatment Plaintiff was
7  offered and/or provided, Plaintiff has not shown that Dr. Smith purposely acted with indifference or
8  indifferently failed to respond to that need, with harm caused by the indifference.  At the most,
9  Plaintiff alleges a difference of opinion about the medical treatment provided by Dr. Smith, which
10 does not give rise to a section 1983 claim.  Accordingly, Plaintiff fails to state a cognizable claim for
11 "deliberate indifference" in violation of the Eighth Amendment.  Despite the Court's prior advisement
12 of the deficiencies in Plaintiff's claim, the allegations in the first amended complaint essentially mirror
13 those made in the original complaint.  As a result, there is nothing to indicate Plaintiff could amend his
14 claim to state a cognizable Eighth Amendment violation.  Therefore, the first amended complaint must
15 be dismissed, without leave to amend.  See Chodos v. West Publishing Co., 292 F.3d 992, 1003 (9th
16 Cir. 2002) (leave to amend may be denied when a plaintiff was previously notified of the deficiencies
17 in his claims but did not cure them.)

18                 **IV.**
19           **CONCLUSION AND ORDER**

20     Based on the foregoing,
21     IT IS HEREBY ORDERED that:
22     1.    Plaintiff's first amended complaint, is DISMISSED, without leave to amend, for failure
23         to state a cognizable claim; and

24 //
25 //
26 //
27 //
28

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   **April 21, 2014**

UNITED STATES MAGISTRATE JUDGE